UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BERRY TYLER, <br><br> Plaintiff, <br><br> v. <br><br> LAKE STATION POLICE DEPARTMENT, <br><br> Defendant. | CAUSE NO. 2:20-CV-31-TLS-JEM |

**OPINION AND ORDER**

Plaintiff Berry Tyler, a prisoner without a lawyer, filed an unsigned Pro Se Complaint [ECF No. 1] against the Lake Station Police Department while he was confined at the Porter County Jail.[1] Because the complaint was unsigned, the Plaintiff was directed to file a signed one. Apr. 21, 2020 Order, ECF No. 4. He has now filed a signed Pro Se Complaint [ECF No. 8].

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, district courts must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A

---

[1] The Plaintiff has informed the Court that since filing his Pro Se Complaint, he has been transferred to the Richmond State Hospital. *See* ECF Nos. 9, 10.

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

    The Plaintiff has sued the Lake Station Police Department for events that happened on April 19 or 20, 2020. Based on the contents of the Pro Se Complaint, it appears the Plaintiff is attempting to assert a claim of unlawful search and/or seizure. Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). However, not all warrantless seizures or searches are considered unreasonable. For example, "[a] limited intrusion into an individual's privacy is permitted under the Fourth Amendment where the police have reasonable suspicion to believe criminal activity is afoot." *United States v. Richmond*, 924 F.3d 404, 411 (7th Cir. 2019) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such reasonable suspicion "permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004). "[Q]uestions concerning a suspect's identity are a routine and accepted part of many *Terry* stops." *Id*. at 186;[2] *see also Hayes v. Florida*, 470 U.S. 811, 816 (1985) ("[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information."). *Terry* stops are not restricted to the suspect's person. *See Richmond*, 924 F.3d at

---

[2] The Court in *Hiibel* held that "[a] state law requiring a suspect to disclose his name in the course of a valid *Terry* stop is consistent with Fourth Amendment prohibitions against unreasonable searches and seizures." 542 U.S. at 188.

411–16. Reasonable suspicion must be evaluated based on the totality of the circumstances, and it "requires more than a hunch but less than probable cause . . .." *Id*. at 411 (citation omitted).[3]

Regarding searches, those performed without warrants are "*per se* unreasonable under the Fourth Amendment unless one of few recognized exceptions applies." *United States v. Leo*, 792 F.3d 742, 748 (7th Cir. 2015). The *Terry* exception applies if reasonable suspicion of criminality exists, which allows "searches to screen persons who may be 'armed and presently dangerous.'" *Richmond*, 924 F.3d at 416 (quoting *Terry*, 392 U.S. at 30)). Officers do not need to be absolutely certain the suspect is armed; rather "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id*. (quoting *Terry*, 392 U.S. at 27). Another exception to the warrant requirement is a search that is performed "incident to a lawful arrest." *United States v. Jenkins*, 850 F.3d 912, 917 (7th Cir. 2017) (citation omitted). "The justification for this exception is the protection of the arresting officer and the preservation of evidence." *Id*. Incident to an arrest, items such as containers that are found on a person may be searched. *See Leo*, 792 F.3d at 748; *United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) ("[I]t is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause[,] . . . with or without any reason to suspect that the person is armed or carrying contraband."). Additionally, "even a search that occurs before an arrest may be deemed lawful as incident to that arrest, so long as probable cause for an arrest existed independently of the evidence discovered during the search." *Leo*, 792 F.3d at 748 n.1 (citing cases).

---

[3] Of note, not every encounter between citizens and officers is considered a "seizure*." United States v. Mendenall*, 446 U.S. 544, 554 (1980). A person is only "seized" if, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id*.

3

As to an arrest itself, it is well-settled that "[p]robable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young*, 987 F.3d at 644 ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)).

Here, the Plaintiff alleges that unnamed Lake Station Police officers "performed a *Terry* stop on me in April at 3:30 in the morning." Pro Se Compl. 2, ECF No. 8. The Plaintiff claims that while he was walking down the street, an officer got out of his car, turned on his body camera, and took several items from him even though he did not consent to be searched. The items included "business titles for the top 17 affiliate marketing companies," an iPhone, a "Netspend business title", a "Netspend card with 263 trillion $ on balance," a "Visa card with 880 million $ balance," cash, cigarettes, several property titles, a "world passport," eight car titles, "my original copy of fictious names claimed," two social security numbers, and his "sovereign citizen paperwork." *Id.*[4] After those items were seized, eight to ten additional officers arrived, and a female officer took a purple folder he had placed on the ground. *Id.* The Plaintiff

---

[4] Several guns were also confiscated, but it is unclear whether the initial officer seized the guns along with the aforementioned items, or whether they were seized at a later time.

alleges he then pulled out his cell phone, called the number on the back of the card to confirm its monetary balance, and informed the police officers, "I got money I'm not on bull shit." *Id*. at 3. The Plaintiff told them he didn't "wish to contract" and walked away. *Id*. The first officer on the scene laughed and said, "get the fuck out of here you don't belong in my town." *Id*. The Plaintiff indicates that he is currently incarcerated on "residential entry charges," although he doesn't say whether he was arrested that night or at a later time. *Id*. He requests that his property be returned, that the money be replaced on his cards, and that the "bad cops" be fired and imprisoned so he doesn't "have to do bad to them." *Id*. at 4.

The Plaintiff has not named any individuals involved in the events described above. Instead, he names the "Lake Station Police Department" as the sole defendant. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (holding that a jail is a non-suable entity); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (explaining that "the Indiana statutory scheme does not grant police departments the capacity to sue or be sued."). Therefore, the Plaintiff has not named a viable defendant in his complaint.

Moreover, his complaint is impermissibly vague. The Plaintiff alleges he was walking down the street at 3:30 am when an officer came up and took several items from him without his consent. He does not provide details as to where this occurred. He does not describe what happened before, during, or after this encounter. He alleges additional police officers arrived, but he does not say when or why. He does not state how long the entire interaction lasted. He says he is currently incarcerated, but he does not explain what he was charged with (if anything) or if it was related to this encounter. Finally, the Plaintiff alleges he walked away from the officers and that they told him to leave, so it is unclear if he was arrested at that time.

To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). This Complaint, in its current form, contains insufficient information to state a claim. Although the current complaint states no valid claims, the Plaintiff will be given an opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–25 (7th Cir. 2013). If he chooses to do so, it should be done on the court's approved form, which will be sent to him by the Clerk of Court. The second amended complaint must provide as much detail as possible about the events in question—explaining what happened, when it happened, where it happened, who was involved, how the events that transpired personally injured him, and the extent of his injuries. Of note, a second amended complaint should only be filed if the Plaintiff believes the deficiencies set forth in this order can be rectified.

For these reasons, the court:

(1) DIRECTS the Clerk of Court to send the Plaintiff a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this cause number on it;

(2) GRANTS the Plaintiff until **May 28, 2021**, to file an amended complaint as described above; and

(3) CAUTIONS the Plaintiff that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 30, 2021.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT